## SPEARS, ADMINISTRATRIX, v. THE ESTATE OF JAMES W. THOMPSON, DECEASED.

[No. 4,219.    Filed January 8, 1903.]

BILLS AND NOTES.— *Liability of Indorser.*— *Diligence.*— Under §7518 Burns 1901, an indorsee of a note may recover from an indorser only when he shows due diligence on his part to collect the note at maturity from the maker.  *p. 268.*

SAME.—*Action Against Indorser.*—*Complaint.*—In an action by an indorsee against an indorser of a promissory note, a complaint which shows on its face that the suit was brought long after the note was due is not rendered good on demurrer by an allegation that the maker was insolvent at the time the suit was brought.  *p. 268.*

From Hendricks Circuit Court;  *T. J. Cofer,* Judge.

Action by Mary A. Spears, administratrix of the estate of Willis Spears, deceased, against the estate of James W. Thompson, deceased.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*G. W. Brill* and *G. C. Harvey,* for appellant.
*E. G. Hogate* and *J. L. Clark,* for appellee.

ROBY, C. J.—Action against the indorser by the indorsee of a promissory note negotiable by statute.  The instrument was dated December 30, 1882, and was due in thirty-six months after date.  The action was begun by filing a claim against the estate on February 1, 1901.  The amended complaint was in three paragraphs, to each of which a demurrer for want of facts was sustained. · The first paragraph consisted of a copy of the note and its indorsements.  The second contained an allegation that the maker "Is totally, wholly, and notoriously insolvent, and for that reason this action is brought against the estate of said James ˙W. Thompson, deceased."  The third paragraph duplicates the allegation quoted, adding a further one to the effect that

the maker paid $30 to appellant's decedent, who, in consideration thereof extended the time of payment.

It is essential in actions of this character that the indorsee show due diligence on his part to collect the note at maturity from the maker. §7518 Burns 1901. The maker might have been entirely solvent when the note in question became due, and might have so remained for many years, for anything that is shown. The extension of time alleged is entirely inconsistent with the exercise of diligence in attempting to collect.

Judgment affirmed.